ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| WILLIAM AGOSTO MANSO Y OTROS<br><br>Peticionarios<br><br>v.<br><br>LUMA ENERGY Y OTROS<br><br>Recurrido | KLCE202401369 | *Certiorari p*rocedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Número: SJ2024CV02978<br><br>Sobre: Enriquecimiento injusto y otros |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo

Ortiz Flores, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 27 de enero de 2025.

Comparece William Agosto Manso (Agosto Manso), Marylin Fernández Morales (Fernández Morales), y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto peticionaria), mediante el recurso de epígrafe y nos solicita que revoquemos una *Resolución Interlocutoria* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), el 20 de noviembre de 2024 y notificada el 22 de noviembre de 2024. En la referida decisión, el TPI declaró "No Ha Lugar" las solicitudes de remedios, costas y honorarios de abogados presentadas por la peticionaria contra Banco Popular de Puerto Rico (BPPR), Luma Energy, LLC y Luma Energy Servco, LLC (LUMA) (en conjunto recurrida).

Por las razones que expondremos a continuación, denegamos la expedición del auto de *certiorari*.

**I**

El 31 de marzo de 2024, la peticionaria presentó una *Demanda Jurada, Sentencia Declaratoria, Interdicto Permanente y Daños y*

*Perjuicios* contra la recurrida.[1] Posteriormente, el 28 de junio de 2024, esta presentó una *Demanda Jurada Enmendada de Clase, Sentencia Declaratoria, Interdicto Permanente y Daños y Perjuicios*.[2] Además, el 14 de julio de 2024, la peticionaria sometió un *Escrito al Expediente Judicial* en donde señaló que, el **1 de julio de 2024,** le cursó una solicitud de renuncia de diligenciamiento de emplazamiento a la recurrida.[3] Añadió que, la recurrida tenía hasta el **22 de julio de 2024**, conforme el término de veinte (20) días que establece la Regla 4.5 de Procedimiento Civil, 32 LPRA App. V, R. 4.5, para renunciar al emplazamiento. Asimismo, solicitó que, de incumplir la recurrida con el término para contestar la solicitud, se le impusiera el pago de los gastos de emplazamiento y los trámites correspondientes.

El 15 de agosto de 2024, LUMA presentó una *Moción para Asumir Representación Legal y Solicitud de Prórroga*.[4] En lo pertinente al caso ante nuestra consideración, señaló que recibió el emplazamiento del caso el **16 de julio de 2024**. Igualmente, el mismo día, BPPR presentó una *Moción de Prórroga para Presentar Alegación Responsiva*.[5] Mediante esta, señaló que fue emplazado el **16 de julio de 2024**.

Posteriormente, con relación al *Escrito al Expediente Judicial* del 14 de julio de 2024, el TPI emitió una *Orden* el 20 de agosto de 2024 en donde declaró "No Ha Lugar" el mismo.[6]

Luego de varios trámites procesales, el 13 de octubre de 2024, la peticionaria presentó una *Moción de Remedios, Costas y Honorarios de Abogado* […] contra BPPR y otra contra LUMA.[7] A través de estas mociones, expresó que BPPR y LUMA no habían renunciado al diligenciamiento de emplazamiento dentro del término provisto por la

---

[1] Apéndice del recurso, págs. 1-19.
[2] Apéndice del recurso, págs. 19-29.
[3] Apéndice del recurso, págs. 30-32. Cabe aclarar que la parte peticionaria solicitó la expedición de los emplazamientos personales contra la recurrida el 31 de marzo de 2024. Véase Entrada Núm. 2 del expediente digital del Caso Núm. SJ2024CV02978 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC). Los referidos emplazamientos fueron expedidos por el TPI el 1 de abril de 2024. Véase Entradas Núm. 3-7 de SUMAC.
[4] Entrada Núm. 10 de SUMAC
[5] Entrada Núm. 11 de SUMAC.
[6] Apéndice del recurso, pág. 33.
[7] Apéndice del recurso, págs. 94-101.

Regla 4.5 de Procedimiento Civil, *supra*. Además, señaló que cumplió con todas las exigencias que le impone la Regla 4.5. En consecuencia, solicitó que el TPI le impusiera a la recurrida el pago de los gastos incurridos para el diligenciamiento del emplazamiento y los gastos de honorarios de abogado, por una suma no menor de $1,500.00.

De otro parte, el 17 de octubre de 2024, BPPR sometió una *Oposición a Moción en Solicitud de Remedios, Costas y Honorarios de Abogados Contra Banco Popular de Puerto Rico (SUMAC, ENTRADA NÚM. 24)*, en la que apuntó lo siguiente: la peticionaria no anejó documentos a la solicitud que acreditaran el cumplimiento con la Regla 4.5 de Procedimiento Civil, *supra*; que fue la peticionaria quien decidió emplazar personalmente el **16 de julio de 2024**, cuando aún transcurría el término de veinte (20) días para renunciar al emplazamiento, y; que la peticionaria incumplió con la Regla 4.5 (b) de Procedimiento Civil, *supra*, debido a que no dirigió la solicitud de renuncia a la persona correcta.[8] Por tanto, señaló que la peticionaria incumplió crasamente con lo establecido en la Regla 4.5. Entre otras cosas, anejó a dicha oposición un emplazamiento personal diligenciado a BPPR el **16 de julio de 2024**.

Nuevamente, el 20 de octubre de 2024, la peticionaria sometió una *Moción en Solicitud de Remedios, Costas y Honorarios de Abogados Contra Banco Popular de Puerto Rico* y una *Moción en Solicitud de Remedios, Costas y Honorarios de Abogados Contra LUMA Energy*.[9]

El 21 de octubre de 2024, el TPI emitió una *Orden* en la que declaró "No Ha Lugar" la solicitud de remedios, costas y honorarios contra LUMA del 13 de octubre de 2024.[10] Asimismo, en cuanto a la oposición sometida por BPPR sobre la moción de remedios, costas y honorarios presentada por la parte peticionaria, el TPI emitió una *Orden* en donde expresó lo siguiente: "Véase otra orden que a estos efectos se emite en el día de hoy."[11] Igualmente, en cuanto a la solicitud de remedios, costas y

---

[8] Apéndice del recurso, págs. 102-111.
[9] Apéndice del recurso, págs. 112-119.
[10] Apéndice del recurso, pág. 120.
[11] Apéndice del recurso, pág. 121.

honorarios del 13 de octubre de 2024, presentada por la peticionaria contra BPPR, el TPI dispuso lo siguiente: "Moción duplicada, nada qué disponer."[12]

Ante ello, el 29 de octubre de 2024, la peticionaria sometió una *Moción de Reconsideración (Entradas Núm. 35 y 36 de SUMAC)*, es decir, la reconsideración de las solicitudes sometidas el 13 de octubre de 2024.[13] En su escrito, la peticionaria reitera los planteamientos sobre el incumplimiento de la renuncia al emplazamiento por parte de la recurrida. Así pues, le solicitó al TPI que le impusiera a esta los honorarios de abogado por la preparación de las mociones de la solicitud de renuncia al diligenciamiento de emplazamiento, y los gastos por el diligenciamiento del emplazamiento personal, por una suma no menor de $1,500.00.

El 30 de octubre de 2024, BPPR radicó una *Oposición a Moción de Reconsideración (*Entrada Núm. 40 de SUMAC*).*[14] En esencia, señaló que la solicitud de la peticionaria se había tornado académica, toda vez que esta diligenció el emplazamiento de forma personal, antes de que venciera el término para renunciar al mismo. Igualmente, el 11 de noviembre de 2024, BPPR presentó una *Oposición a Tercera Moción en Solicitud de Remedios, Costas y Honorarios de Abogados Contra Banco Popular de Puerto Rico (SUMAC NO. 29)*, en la que mencionó que la misma era una repetición de las otras solicitudes.[15]

Finalmente, el TPI emitió el 20 de noviembre de 2024 una *Resolución Interlocutoria*, notificada el 22 de noviembre de 2024, mediante la cual declaró "No Ha Lugar" la solicitud de reconsideración presentada por la parte peticionaria el 29 de octubre de 2024.[16] De igual forma y en esa misma fecha, el TPI emitió dos órdenes en las que declaró

---

[12] Apéndice del recurso, pág. 122.

[13] Apéndice del recurso, págs. 129-155. Anejó a su reconsideración, dos emplazamientos personales que fueron diligenciados el **16 de julio de 2022** contra LUMA y BPPR. Igualmente, anejó los recibos del correo certificado dirigidos a LUMA y BPPR con fecha del **1 de julio de 2024**, a través de los cuales envió la solicitud de renuncia de emplazamiento.

[14] Apéndice del recurso, págs. 156-158.

[15] Apéndice del recurso, págs. 165-166. La moción de la Entrada Núm. 29 de SUMAC tiene fecha del 20 de octubre de 2024.

[16] Apéndice del recurso, págs. 168-169.

"No Ha Lugar" las solicitudes de remedios presentadas contra BPPR y LUMA, con fechas del 20 de octubre de 2024.[17]

Inconforme, la peticionaria acudió ante nosotros y presentó los siguientes señalamientos de error:

**Primer Error:** Erró y abusó de su discreción el foro de instancia al denegar la solicitud de la parte recurrente solicitándole que haga valer la Regla 4.5 de las de Procedimiento Civil, *supra*, en lo que atañe a la parte recurrida.

**Segundo Error:** Erró y abusó de su discreción el foro de instancia al negarse a reconocer que la parte recurrida no renunció oportunamente al diligenciamiento del emplazamiento en este caso y está sujeta a las sanciones que dispone la Regla 4.5 de las de Procedimiento Civil, *supra*.

**Tercer Error:** Erró y abusó de su discreción el foro de instancia al negare a reconocer que la parte recurrente proveyó a la parte recurrida en términos sustantivos y procesales todos los documentos exigidos por la Regla 4.5 de las de Procedimiento Civil, supra, para que la última renunciara diligentemente al emplazamiento en este caso.

Con el beneficio de la comparecencia de las partes, podemos resolver.

**II**

**A.**

El recurso de *certiorari* es un remedio procesal discrecional que permite al tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728 (2016). El auto de *certiorari* se utiliza "para revisar tanto errores de derecho procesal como sustantivo". *Pueblo v. Colón Mendoza*, 149 DPR 630, 637 (1999).

En nuestro ordenamiento procesal civil y en lo pertinente, la Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R.52.1, dispone lo siguiente:

[…]

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las

---
[17] Apéndice del recurso, págs. 170-171.

Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

**Es norma establecida que el asunto que se nos plantee en el auto de *certiorari* debe tener cabida bajo alguna de las materias reconocidas en la Regla 52.1 de Procedimiento Civil, *supra*, toda vez que esta regla enumera taxativamente bajo qué materias, solamente, se podrá expedir el auto de *certiorari*.** Por consiguiente, debemos realizar un análisis dual para determinar si se expide o no un recurso de *certiorari*. Este examen consta de una primera parte objetiva y una segunda parte subjetiva.

En primer lugar, debemos determinar si la materia contenida en el recurso de *certiorari* tiene cabida dentro de una de las materias específicas establecidas en la Regla 52.1 de Procedimiento Civil, *supra*. Es norma reiterada que las partes deben abstenerse de presentar recursos de *certiorari* para revisar órdenes o resoluciones interlocutorias sobre materias que no están especificadas en la Regla 52.1 de Procedimiento Civil, *supra*. En estos casos, en los cuales la materia no está comprendida dentro de la regla, el tribunal revisor debe negarse a expedir el auto de *certiorari* automáticamente.

En segundo lugar, debemos analizar si procede la evaluación del recurso bajo la Regla 40 del Reglamento de Tribunal de Apelaciones que nos concede discreción para autorizar la expedición y adjudicación en los méritos del auto de *certiorari*. A esos fines, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que debemos tomar en consideración para determinar si expedimos o no un auto de *certiorari*. Estos son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

De acuerdo con lo dispuesto en la Regla 40, *supra*, se evalúa "tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada, **a los fines de determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido [o] una dilación injustificada del litigio**". (Énfasis nuestro). *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Recordemos que la discreción judicial "no se da en un vacío ni en ausencia de otros parámetros", sino que, como Tribunal revisor, nos ceñimos a los criterios antes señalados. *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012) que cita a *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011). **Si luego de justipreciar los referidos criterios, decidimos no expedir el recurso, podemos fundamentar nuestra determinación, pero no tenemos la obligación de así hacerlo**. Véase, 32 LPRA Ap. V, R. 52.1.

**B.**

El emplazamiento es el mecanismo procesal por el cual se informa a la parte demandada sobre la existencia de una acción judicial presentada en su contra, por lo que se le requiere comparecer para formular su alegación correspondiente. *Ross Valedón v. Hosp. Dr. Susoni et al*, 213 DPR 481, 487 (2024). "A través del emplazamiento se satisfacen las exigencias del debido proceso de ley, que requiere 'que se

notifique al demandado toda reclamación en su contra para que tenga la oportunidad de comparecer a juicio, ser oído y presentar prueba a su favor'". *Global v. Salaam*, 164 DPR 474, 480 (2005) que cita a *First Bank of P.R. v. Inmob. Nac., Inc.*, 144 DPR 901, 913 (1998). De esta forma, se adquiere jurisdicción sobre la persona demandada. *Sánchez Rivera v. Malavé Rivera*, 192 DPR 854, 869 (2015).

El mecanismo procesal del emplazamiento está regulado por la Regla 4 de Procedimiento Civil, 32 LPRA Ap. V, R. 4. En lo pertinente, la Regla 4.5 de Procedimiento Civil, *supra*, provee un mecanismo para sustituir el emplazamiento personal y así evitar los gastos de su diligenciamiento. R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta. ed., San Juan, LexisNexis de Puerto Rico, Inc., 2017, pág. 273. En específico, la referida regla establece lo siguiente:

    (a) Una persona mayor de edad, una corporación, una compañía, una sociedad, una asociación o cualquier otra persona jurídica que sea notificada de que se ha presentado una acción civil ordinaria en su contra, tiene el deber de evitar los gastos del diligenciamiento del emplazamiento personal. A tales fines, podrá renunciar al emplazamiento bajo las circunstancias que se describen más adelante. La renuncia al diligenciamiento del emplazamiento personal no conlleva una renuncia a presentar cualquier defensa por falta de jurisdicción o a solicitar el traslado a otra sala por razón de competencia.

    (b) La parte demandante podrá notificar a la parte demandada que ha presentado una acción en su contra y solicitarle que renuncie a ser emplazada. La notificación y solicitud de renuncia deberá:

      (1) Hacerse por escrito y dirigirse a la parte demandada, si es una persona natural mayor de edad, o a un(a) oficial, gerente administrativo(a), agente general o a cualquier otro(a) agente autorizado(a) por nombramiento o designado(a) por ley para recibir emplazamientos, si se trata de una corporación, una compañía, una sociedad, una asociación o cualquier otra persona jurídica.
      (2) Enviarse por correo certificado con acuse de recibo y entrega restringida a la parte demandada o a la persona autorizada por ésta.
      (3) Estar acompañada de copia de la demanda, debidamente sellada con la fecha y hora de presentación, e identificar el tribunal en el que fue presentada.

(4) Notificar a la parte demandada de las consecuencias de cumplir o de no cumplir con la solicitud de renuncia.

(5) Informar a la parte demandada que si acepta la renuncia deberá firmar la solicitud aceptando que la misma fue voluntaria y no como producto de coacción, y devolverla **dentro del término de veinte (20) días desde la fecha en que se envió la solicitud**, o de treinta (30) días si la parte demandada se encuentra fuera de Puerto Rico.

(6) Proveer a la parte demandada una copia adicional de la solicitud de renuncia, así como un sobre pre dirigido. Si la parte demandada no completa la solicitud de renuncia, el tribunal le impondrá el pago de los gastos en que se haya incurrido en el diligenciamiento del emplazamiento, a menos que demuestre justa causa para no completar la solicitud.

(c) Una parte demandada que devuelva la renuncia al emplazamiento dentro del término establecido en el inciso (b)(5) de esta regla, deberá notificar su contestación a la demanda dentro de los treinta (30) días después de la fecha en que se devuelva la solicitud de renuncia.

(d) La parte demandante presentará la solicitud de renuncia al diligenciamiento del emplazamiento ante el tribunal y la acción debe proceder como si el emplazamiento y la demanda se hubiesen diligenciado al momento de la aceptación de la renuncia, y no podrá requerirse prueba alguna del diligenciamiento del emplazamiento.

(e) Una parte demandada que incumpla con la solicitud de renuncia al emplazamiento pagará aquellos gastos en que incurra la parte demandante para el diligenciamiento del emplazamiento, además de los gastos en honorarios de abogado o abogada para la preparación de la moción solicitando el pago por los gastos del emplazamiento.

(f) El mecanismo de solicitud de renuncia al emplazamiento dispuesto en los incisos (a) al (e) de esta regla no podrá utilizarse para emplazar al Estado Libre Asociado de Puerto Rico, sus agencias, corporaciones, instrumentalidades, municipios o funcionarios(as) públicos en su carácter oficial o personal, ni a menores de edad o incapaces. En todos estos casos se les emplazará conforme lo dispone la Regla 4.4. (Énfasis Nuestro). Regla 4.5 de Procedimiento Civil, *supra*.

El procedimiento para solicitar una renuncia de emplazamiento es de estricto cumplimiento. J. A. Cueva Segarra, *Tratado de Derecho Procesal Civil*, 2da. ed., Publicaciones JTS, 2011, T. I, pág. 349. Pues debemos recordar que el emplazamiento es una exigencia del debido proceso de ley. *Banco Popular v. S.L.G. Negrón*, 164 DPR 855, 863, (2005).

Por otro lado, **el propósito de este mecanismo es evitar los gastos de llevar a cabo el diligenciamiento de un emplazamiento personal**. Hernández Colón, *op. cit.*, pág. 273. Así pues, la parte demandada que incumpla con la renuncia al emplazamiento deberá costear los gastos en que haya incurrido la parte demandante para el diligenciamiento del emplazamiento personal y los honorarios de abogados para la preparación de la moción solicitado el pago del gasto de emplazamiento. C. R. Urrutia de Basora & L. M. Negrón Portillo, *Reglas de Procedimiento Civil de Puerto Rico: Preguntas y Respuestas*, 5ta. ed., San Juan, SITUM, 2023, pág. 37; Cueva Segarra, *op. cit.*, pág. 349.

El término para informar la renuncia del emplazamiento a la parte demandante es de **veinte (20) días para las personas que se encuentren en Puerto Rico,** y de treinta (30) para aquellas que se encuentren fuera de dicha jurisdicción. Cueva Segarra, *op. cit.*, pág. 349; 32 LPRA Ap. V, R. 4.5 (c).

Además, la parte demandada retiene sus defensas y objeciones. Cueva Segarra, *op. cit.*, pág. 348. Igualmente, debemos recordar que la solicitud de renuncia de emplazamiento no está disponible contra el Estado Libre Asociado de Puerto Rico, sus agencias, instrumentalidades, los municipios, menores de edad o personas con necesidades especiales. Urrutia de Basora & Negrón Portillo, *op. cit.*, pág. 37; Hernández Colón, *op. cit.* pág. 274-275. Cueva Segarra, *op. cit.*, pág. 349. En esos casos aplicarán las disposiciones de la Regla 4.4 de Procedimiento Civil, 32 LPRA App. V, R. 4. *Id.*

**III**

En su recurso de *certiorari*, la peticionaria presentó tres (3) señalamientos de error. Primero, señala que incidió el TPI al denegar la solicitud que instó contra la recurrida para el cumplimiento de la Regla 4.5 de Procedimiento Civil, *supra*. Asimismo, en su segundo señalamiento de error, plantea que incidió el TPI al negarse a reconocer que la recurrida no renunció oportunamente al diligenciamiento del emplazamiento, por lo

que estaba sujeta a las sanciones que dispone la Regla 4.5. Por último, menciona que erró el TPI al negarse a reconocer que la peticionaria cumplió con todos los documentos exigidos por la Regla 4.5 de Procedimiento Civil, *supra*, para que la recurrente renunciara al diligenciamiento del emplazamiento.

En la presente causa, se recurre de una resolución Interlocutoria que declaró "No Ha Lugar" las solicitudes sobre los remedios, costas y honorarios de abogados presentadas por la peticionaria contra la recurrente. Según señalamos antes, al determinar si debemos expedir o no el auto discrecional de *certiorari*, en primer lugar, nos corresponde determinar si la materia planteada está contemplada entre los supuestos de la Regla 52.1 de Procedimiento Civil, *supra*. La contestación a dicha interrogante es en la negativa, puesto que se recurre de la denegación de una moción interlocutoria que no está contenida dentro de dicha regla. Asimismo, como parte del análisis dual, en segundo lugar, debemos examinar el asunto que se nos plantea a la luz los criterios contenidos en la Regla 40 de nuestro Reglamento. En este ejercicio, no encontramos que haya incurrido en abuso de discreción, según alegado por la peticionaria, ni que haya actuado bajo prejuicio o parcialidad que acarree un fracaso de la justicia.

**IV**

Por los fundamentos antes expuestos, denegamos la expedición del auto de *certiorari*.

**Notifíquese.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Aldebol Mora, concurre con el resultado sin escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones